IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI


STEPHANIE J. MAYHEW   )
3920 S. Bedford Ave. )
Independence, Missouri 64055        )        Bankruptcy No. 10-40772
                                                    )
                              Plaintiff,      )
v.      )         Adversary Proceeding No.10-04061
                                                    )
HSBC MORTGAGE SERVICES, INC.      )
(f/k/a) HOUSEHOLD FINANCIAL  )
SERVICES, INC.      )
Serve Registered Agent:      )
CT Corporation System      )
120 South Central Ave.      )
Clayton, Missouri 63015      )
                                                    )
                              Defendant,     )


<u>ENTRY OF DEFAULT</u>

NOW ON this ___ day of ____, 2010, comes the Plaintiff, STEPHANIE J. MAYHEW,

by and through her attorney, SANDRA P. FERGUSON and this cause comes on for

consideration and the Court finds that:

1.  It appears from the record that the Defendant herein failed to plead or otherwise

defend in this case as required by law.

2. On February 25, 2010, Plaintiff filed a voluntary petition seeking relief under Chapter

13 of the Bankruptcy Code. Richard Fink is the trustee appointed to serve in this case.

3. Plaintiff filed this adversary proceeding on March 25, 2010, to determine the extent

and validity of liens, claims, and encumbrances against property of the estate.

1

4. Defendant is HSBC Mortgage Services, Inc., and is duly formed under the laws of the state of Delaware and doing business at 26525 N. Riverwoods, Mettawa, Illinois, 60045.   Its registered agent in Missouri is CT Corporation System, 120 South Central Ave., Clayton, Missouri 63015.

5. Plaintiff served the Complaint, Summons, and Pre-Trial Order herein on Defendant on March 30, 2010, by regular mail by service on the registered agent of Defendant pursuant to Missouri law, namely CT Corporation System, 120 South Central Ave., Clayton, Missouri 63015.

6. The Defendant, HSBC Mortgage Services, Inc., holds a Note and second Deed of Trust which is secured by the following property owned by the Plaintiff and located at the address set forth in the caption hereof which is legally described as:

Lot 20, COVENTRY ESTATES,
a subdivision in INDEPENDENCE,
Jackson County, Missouri,
according to the recorded plat thereof.

7. The unpaid principal balance owed by Plaintiff on this Note and second Deed of Trust is $23,856.00.

8. HSBC Mortgage Services, Inc., also has the Note and first Deed of Trust on Plaintiff's real property. This obligation has a debt of at least $115,839.46.

9. Pursuant to 11 U.S.C. Sec. 1322(b)(2), the Plaintiff's Plan in a Chapter 13 proceeding may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the Plaintiff's principal residence, or of holders of unsecured claims." Pursuant to 11 U.S.C. Sec. 506(a) "an allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553

of this title, is a secured claim to the extent of the value of such creditors' interest in the estates'

interest

in such property, or to the extent of the amount subject to setoff, as the case may be, and is an

unsecured claim to the extent that the value of such creditor's interest or amount so subject to

setoff is less than the amount of such allowed claim."

10. Pursuant to 11 U.S.C. Sec. 506(a) and 11 U.S.C. Sec. 1322(b)(2), the rights of a

holder of a claim secured by a lien on the Debtor's residence is subject to modification if the

value of the property subject to the lien is less than the sum allowed amounts of senior liens

thereon. The rights of such junior lien holders are subject to modification, including treatment of

their claims as general unsecured claims and the liens subject to removal upon granting of a

Chapter 13 discharge.

11. The Real Property has a market value of less than $80,000.00 and an appraised value

on March 12, 2010 of $80,000.00 and is subject to valid superior liens for claims in the excess of

$115,800.00; therefore, the potential claim of Defendant herein is not "secured" within the

meaning of Sec. 506(a) and is subject to modification in accordance with Debtor's plan.

12. Although duly served Defendant has not answered or responded within the time
allowed and the Plaintiff is entitled to a Judgment by default.

13. The value of said property has decreased substantially and there is no equity available

for Defendant's purported lien. Since there is no equity available, Defendant's lien is wholly

unsecured, and should be declared void pursuant to 11 U.S.C. Sec. 506(d).

IT IS THEREFORE ORDERED

THAT default is entered against the Defendant as authorized by Federal Rule of Bankruptcy Procedure 7055 and the Lien in the amount of $23,856.00 held by Defendant, HSBC Mortgage Service, Inc., regarding its second Deed of Trust which is secured by the property owned by the Plaintiff and located at the address set forth in the caption hereof is

avoided and shall be removed from the real property described as Lot 20, COVENTRY

ESTATES, a subdivision in Independence, Jackson County, Missouri, and that Defendant's

claim be treated as an unsecured herein.

DATED: May 25, 2010                    SO ORDERED:

                                       /s/ Jerry W. Venters
                                       United States Bankruptcy Judge

Court to serve